## In re MARCUS et al.

District Court, W. D. Pennsylvania. March 20, 1929.

### No. 11456.

See, also, 20 F.(2d) 454; 21 F.(2d) 480, 483.

Carl F. Scharpf, of Pittsburgh, Pa., for exceptant.

Thos. M. Benner, Calvert, Thompson & Berger, and John T. Duff, Jr., all of Pittsburgh, Pa., for trustee.

McVICAR, District Judge. The referee, Watson B. Adair, made an order December 26, 1928, authorizing the public sale of certain real estate divested of all liens and incumbrances, and naming especially any lien in favor of Albert Weiner. Exceptions to the report of the referee and the order aforesaid were filed by Albert Weiner, and the referee certified the following question to this court:

"Should an order be made nullifying as against the Pennsylvania Trust Company of Pittsburgh, trustee in bankruptcy of the above-named bankrupt and the creditors of said bankrupts, the lien of Albert Weiner by virtue of a judgment recovered by him against Sarah Marcus Greenberg, in the court of common pleas of Allegheny county, Pennsylvania, at D. S. B. No. 255 October term, 1924, and authorizing said trustee to sell the real estate described in a deed from Sarah Marcus Greenberg to the said trustee, recorded in the recorder's office of Allegheny county, Pennsylvania, in Deed Book 2348, page 322, divested of any lien in favor of the said Albert Weiner?"

The referee decided said question in the affirmative, and his decision, and the order of sale, in our opinion, are fully sustained by his report, and the reasons set forth therein in support thereof.

A judgment in Pennsylvania is a lien against the legal and equitable title of a defendant in any real estate owned by him within the county at the time which it is entered. The judgment of Albert Weiner was not a lien, because the defendant, Sarah Marcus Greenberg, had no title in the real estate in question at the time the judgment was entered. He is not a purchaser, within the meaning of the Pennsylvania Act of May 21, 1921 (P. L. 1045; Pa. St. Supp. 1928, §§ 782a1–782a13); but, if a purchaser, he is not a purchaser in good faith, as required by section 67 of the Bankruptcy Act of 1898 (11 USCA § 107), for the reason that the receiver in bankruptcy was in possession of the property at the time the Weiner judgment was entered, and Weiner is therefore visited with notice of what appeared from that possession.

The order of sale aforesaid is affirmed, as is also the report of the referee, and the question certified to this court is answered in the affirmative.